UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL HUGHES,           )
                          )
Plaintiff,                )       11-CV-3320
                          )
v.                        )
                          )
STEVE DREDGE, et al.      )
                          )
Defendants.               )

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his detention in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He pursues a constitutional claim that the facility provided him inedible food by serving mechanically separated chicken which arrived in boxes marked "for further processing only." He also pursues a constitutional claim arising from the alleged unsanitary food storage, preparation, and serving practices at the facility.

Before the Court are Defendants' motions for summary judgment. On this record, summary judgment is warranted for Defendant Simpson, the grievance examiner. The other Defendants'

motions are denied with leave to renew because the Court needs more information and briefing.

## Background

On December 20, 2010, four residents detained in the Rushville Treatment and Detention Center filed a purported class action challenging, as is relevant to this case, the serving of mechanically separated chicken from boxes marked "for further processing only."  Smego v. Ill. Dept. of Human Serv., 10cv3334 (C.D. Ill.).  On June 2, 2011, the plaintiffs' motion for class certification in that case was denied because they were pro se. (10cv3334, d/e 43, p. 2.)  A flood ensued of over 60 additional cases filed by some 80 other residents regarding the same issues.

The additional plaintiffs were joined into the original case, and Plaintiff Richard Smego was designated as spokesperson.  Id. d/e 336.  The Court was eventually able to recruit pro bono counsel, but only for the plaintiffs in the original case.  The claims of the rest of the plaintiffs were severed and stayed, with the hopes that the resolution of the original case might resolve the other cases or help guide the Court in resolving the other cases.

Summary judgment was denied in the original case, and then the original case settled in July 2014.  Part of the settlement was an agreement that the mechanically separated chicken labeled "for further processing only" would no longer be served at the facility.

After the original case settled, the plaintiffs in the other cases were given an opportunity to file an amended complaint if they still wished to proceed with their claims.  Six of those cases remain, including this one, which is now at the summary judgment stage.

### Legal Standard Applicable to Civil Detainee's Claim

The Fourteenth Amendment due process clause governs rather than the Eighth Amendment because Plaintiff is a civil detainee, not a prisoner serving a sentence.  The Supreme Court stated in Youngberg v. Romeo that "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."  457 U.S. 307, 322 (1982). This difference was reiterated by the Seventh Circuit in Hughes v. Scott, 816 F.3d 955, 956 (7th Cir. 2016); see also McGee v. Adams, 721 F.3d 474, 480 (7th Cir. 2013)(citing Youngberg but noting that "the Supreme Court has not determined how much additional

protection civil detainees are entitled to beyond the protections afforded by the Eighth Amendment bar on cruel and unusual punishment."); Rice ex rel. Rice v. Correctional Medical Services, 675 F.3d 650, 664 (7th Cir. 2012)( "[T]he Supreme Court has not yet determined just how much additional protection the Fourteenth Amendment gives to pretrial detainees.").

In application, the Fourteenth Amendment standard thus far appears indistinguishable from the Eighth Amendment standard on conditions of confinement claims.  For example, the Seventh Circuit has stated that a conditions of confinement claim by a civil detainee requires an objectively serious deprivation and deliberate indifference by the defendant.  Sain v. Wood, 512 F.3d 886, 894 (7th Cir. 2008).  This is the same standard governing an Eighth Amendment conditions of confinement claim by a prisoner.  The Seventh Circuit more recently confirmed in Smith v. Dart, 803 F.3d 304, 310 (7th Cir. 2015), that "[w]e have held that there is little practical difference, if any, between the standards applicable to pretrial detainees and convicted inmates when it comes to conditions of confinement claims, and that such claims brought

under the Fourteenth Amendment are appropriately analyzed under the Eighth Amendment test."

However, the Seventh Circuit has also recently acknowledged the difficulty of defining the legal standard applicable to detainees, noting the "shifting sands of present day case authority." Werner v. Wall, 836 F.3d 751, 759 (7th Cir. 2016).  In Smith v. Dart, even though confirming the appropriateness of relying on Eighth Amendment cases, the Seventh Circuit stated in dicta that the subjective element requires a "'purposeful, a knowing, or a possibly reckless state of mind,'" arguably a lower hurdle than deliberate indifference.  803 F.3d 304 n. 2 (quoted cite omitted).  That dicta was ultimately referring to the Supreme Court case of Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015), which held that a defendant's subjective state of mind in a pretrial detainee's excessive force claim was relevant only to the extent that the defendant's actions were "purposeful or knowing."  After Kingsley, though, the Seventh Circuit has continued to rely on the deliberate indifference standard to pretrial detainees' claims for lack of medical care.  *See, e.g.,* Daniel v. Cook County, 833 F.3d 728, 732-33 (2016).

This case may require the Court determine what "additional protections" are afforded a civil detainee as compared to a prisoner in relation to conditions of confinement. The question might be avoided as to the Defendants employed by the State if they are entitled to qualified immunity, but Defendant Dredge, an employee of a private contractor, does not appear to be entitled to assert qualified immunity. *See* Zaya v. Sood, 836 F.3d 800, 807 (7th Cir. 2016)("The Supreme Court has held that employees of privately operated prisons may not assert a qualified-immunity defense. . . . We have construed that holding to extend to employees of private corporations that contract with the state to provide medical care for prison inmates.)(citations omitted). Defendants will be directed to address this issue in more detail in their renewed motions for summary judgment, addressing not only cases in this Circuit but also any cases on point in other Circuits.

### Summary Judgment Motions

At the summary judgment stage, evidence is viewed in the light most favorable to the nonmovant, with material factual disputes resolved in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of

material fact exists when a reasonable juror could find for the nonmovant. Id.

Plaintiff claims that entrées containing mechanically separated chicken marked "for further processing only" made him feel queasy and suffer loose bowels, sometimes diarrhea. (Pl.'s Dep. 42, 95.) The extent and frequency of this reaction was enough to make Plaintiff avoid eating the food altogether. Plaintiff also testified in his deposition that the food trays are not properly washed and dried, that he has found bug parts once or twice on a tray, that the trays are wet, and that food which is supposed to be hot is consistently cold. (Pl.'s Dep. 51, 53, 102-03.) He also testified that the residents who prepare and serve the food are not properly trained and supervised. Some have not washed, do not wear gloves or hair nets, and "scratch[] their behinds" while working and then touch food or food trays. (Pl.'s Dep. 126.)

The only Defendant to whom the Court can grant summary judgment on this record is Defendant Simpson, the grievance examiner. Defendant Simpson had no control over the food service, as Plaintiff admits in his deposition. (Pl.'s Dep. 38, 57.) Plaintiff's complaint against Defendant Simpson is that she did not

investigate or respond to his grievances about the problems. (Pl.'s Dep. 13, 57.)

Defendant Simpson did respond to one of Plaintiff's grievances about the food quality. Simpson's response indicated that she had talked to the dietary manager about Plaintiff's concerns and that the concerns were groundless or were being addressed. (Grievance Resp., d/e 59-3, p. 3.) Defendant Simpson also gave a response to Plaintiff's grievance claiming that Defendant Dredge was carrying cheese slices in his bare hands to give to two residents. (Grievance Resp., d/e 59-4, p. 4.) The response stated that Plaintiff's grievance appeared to involve what happened to other residents, not to Plaintiff personally, and directed Plaintiff begin the complaint process with an "attempt to resolve" form.

Plaintiff asserts that Defendant Simpson did not respond to other grievances that Plaintiff filed about the food service and that Defendant Simpson did nothing to look into or solve the problem. However, Plaintiff admits in his deposition that the people who could arguably do something about the problem were already on notice of the residents' complaints about the food service, including the facility director. (Pl.'s Dep. 25, 36, 125, 145.) This is not a case

like Hughes v. Scott, 816 F.3d 955 (7th Cir. 2016), in which the grievance officer allegedly insulted Plaintiff for filing a grievance and warned that Plaintiff's "life . . . would go better if he stopped complaining . . . ."

Summary judgment is, therefore, granted to Defendant Simpson. The other Defendants' motions are denied because the Court needs more information on the division of responsibilities between DHS and Aramark regarding the food service. Additionally, the Court needs more information on the procedures, training, and supervision in place to ensure that food is prepared, served, and stored in a sanitary manner. The Court also needs extensive briefing on the legal standard debate discussed above. Defendants will be given an opportunity to renew their motions with this information.

Plaintiff is advised that his current response to the summary judgment motions does not comply with Local Rule 7.1(D). When Plaintiff responds to the renewed motions for summary judgment, he must separately address each proposed fact, citing to evidence to support a dispute of the proposed fact. Pointing to the allegations in the Amended Complaint and making arguments in a brief are not

enough at this stage. Plaintiff should submit an affidavit stating under penalty of perjury what he personally experienced with regards to the sanitation problems and with eating the mechanically separated chicken marked "for further processing only." Additionally, the exhibits Plaintiff submits should be relevant to the claims proceeding in this case, not to other claims.

**THEREFORE, IT IS ORDERED THAT:**

(1) The motion for summary judgment by Defendant Simpson is granted (59).

(2) This case is referred to the Magistrate for a settlement conference.

(3) The motions for summary judgment by Defendants Dredge, Blaesing, McAdory, Simpson, Ashby, and Scott are denied (61, 64), with leave to renew 30 days after the settlement conference is held, if no settlement is reached.

(4) Defendants' motion to strike Plaintiff's response is denied as moot (82). However, Plaintiff is advised that he must follow Local Rule 7.1(D)(2) when he responds to the renewed summary judgment motions.

(5)  The clerk is directed to notify the Magistrate Judge of the referral.

(6)  The clerk is directed to send Plaintiff a copy of Local Rule 7.1(D).

ENTER:   February 16, 2017
FOR THE COURT:

_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
